# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Public Service Company, | No. CV-22-00610-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Mike Michael, et al., | |
| Defendants. | |

Pending before the Court is Arizona Public Service Company's ("APS's") Motion for Remand Pursuant to 28 U.S.C. § 1447(c) and Request to Expedite. (Doc. 7.) Also pending is Defendants Mike Michael and Bonnie Michael's Request for Protective Order. (Doc. 12.) Having considered the arguments of the parties, the Court will grant Arizona Public Service Company's Motion and deny Defendants' Motion.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In establishing federal subject matter jurisdiction, the removing party bears the burden. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1998). When plaintiff choses a state rather than federal forum, "the removal statute is strictly construed against removal jurisdiction." *Id.* If at any time before final judgment the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). "Where doubt regarding the right to removal exists, a case

should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2007).

This action arises out of a Complaint filed by APS in Maricopa County Superior Court to condemn property owned by Mike Michael and Bonnie Michael (collectively, the "Michaels"). (*See generally* Doc. 1.) The eminent domain action is based on the Arizona Constitution and Arizona statutes. There is no diversity of citizenship because APS and the Michaels are Arizona residents. In the notice of removal, the Michaels cite several federal statutes and appear to be raising issues that they have also raised as counterclaims.

However, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Federal question jurisdiction cannot rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Holmes Group*, 535 U.S. at 830–32). Thus, there is nothing in APS's Complaint that would give this Court jurisdiction.

Additionally, the time to file for removal to federal court is governed by 28 U.S.C. § 1446(b), which provides, in part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

And a case may not be removed on grounds of diversity jurisdiction more than one year after the action was filed, unless the Court finds that the Plaintiff acted in bad faith to prevent removal.[1] 28 U.S.C. § 1446(c); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

Here, APS filed the action in Maricopa County Superior Court on June 15, 2020. Here, the Michaels' filed their Answer and Counterclaim November 18, 2020. The Michaels' Notice of Removal was filed on April 13, 2022. The Notice of Removal under

---

[1] The Court finds no such bad faith here.

28 U.S.C. §§ 1441 and 1443 was untimely, which deprives this Court of subject matter jurisdiction and constitutes a defect in the removal procedure under § 1447(c).

When APS filed its motion, this Court ordered expedited briefing because it appeared the Notice of Removal had no basis in law. The Michaels have asked for this Court to vacate that order because they need more time. (Doc. 12.) However, a court may—either by motion or *sua sponte*—remand an action where the court finds that it lacks subject matter jurisdiction. *See* 28 U.S.C. §§ 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir.2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.") The Court finds itself without subject matter jurisdiction in this case and will, therefore, remand it.

Accordingly,

**IT IS ORDERED** that APS's Motion for Remand Pursuant to 28 U.S.C. § 1447(c) is granted and this matter is remanded to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall immediately effectuate the remand by mailing a certified copy of this Order to the clerk of the Maricopa County Superior Court without further delay.

Dated this 16th day of May, 2022.

Honorable Susan M. Brnovich
United States District Judge